**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Francisca Diaz, | Civ. No. 14-735 (JRT/JJK) |
| Plaintiff, | |
| v. | |
| Greatbatch Ltd., doing business as Greatbatch Medical, | **REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION** |
| Defendant. | |

Francisca Diaz, 6305 47th Ave. N., Crystal, MN  55428, *pro se.*

Jennifer A. Nodes, Esq., and Gina K. Janeiro, Esq., Jackson Lewis PC, counsel for Defendant.

## INTRODUCTION

This matter is before this Court for a Report and Recommendation to the District Court on whether this case should be dismissed for lack of prosecution. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons stated below, this Court recommends that Plaintiff's Complaint (Doc. No. 1, Attach. 1) be dismissed without prejudice for lack of prosecution.

## BACKGROUND

In February 2014, Plaintiff filed a Complaint against Defendant.  The case was removed from Hennepin County District Court to the United States District Court, District of Minnesota on March 14, 2014.  (Doc. No. 1.)  On March 21, 2011, Defendant filed its Answer to the Complaint.  (Doc. No. 4.)  The

undersigned held a Pretrial Conference on April 16, 2014, and thereafter issued a Pretrial Scheduling Order.  (Doc. Nos. 8, 9.)  In that Order, the Court stated, "Fact discovery shall be <u>commenced in time to be completed on or before September 1, 2014.</u>"  (Doc. No. 9 (emphasis in original).)

On July 25, 2014, counsel for Plaintiff filed a motion to withdraw as Plaintiff's attorney.  (Doc. No. 14.)  In its response to the motion to withdraw, Defendant requested that the case be dismissed for failure to respond to discovery requests that were served on May 1, 2014, and for failure to prosecute.  (Doc. No. 18.)  For the reasons stated in Plaintiff's counsel's submitted affidavit, the Court granted Plaintiff's counsel's motion to withdraw on August 14, 2014.  (Doc. No. 22.)  Also, on August 14, 2014, the Court denied Defendant's request for dismissal, but ordered the following:

> Plaintiff shall respond to Defendant's outstanding interrogatories and requests for production of documents within 30 days from the date of this Order on Discovery.  In the event that Plaintiff fails to timely comply with this Order, Defendant may move the Court for an order requiring Plaintiff to show cause why this action should not be dismissed for failure to respond to Defendant's discovery and failure to prosecute the action.

(Doc. No. 23.)

On September 28, 2014, Defendant filed a Motion to Show Cause (Doc. No. 28), based in part on Plaintiff's failure to comply with the Court's August 14, 2014 Order.  On October 24, 2014, the Court held a hearing on the matter.  (Doc. No. 31.)  Defendant's counsel appeared by telephone, but Plaintiff did not appear.

(*Id.*)  The Court granted Defendant's motion in part (Doc. Nos. 31, 32), and separately issued an Order to Show Cause that stated the following:

> Plaintiff must show cause why this action should not be dismissed for her failure to prosecute it and comply with the Court's August 14, 2014 Order compelling discovery.  Plaintiff's response to this Order must be in writing and must be filed and served on or before **November 7, 2014**.  If the Court receives no response from Plaintiff by **November 7, 2014**, this Court will recommend that the case be dismissed for lack of prosecution.

(Doc. No. 30.)  As of the date of this Report and Recommendation, Plaintiff has not responded in any way to the Court's Order to Show Cause.

## DISCUSSION

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted.  *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).  This Court concludes that based on the above recitation of events that have occurred in this case, and Plaintiff's lack of response to this Court's Order to Show Cause, Plaintiff's case should be dismissed for failure to prosecute.

Federal Rule of Civil Procedure 33 states that a party served with interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).  And Federal Rule of Civil Procedure 34 states that a party served with a document request "must respond in writing within 30 days after being served."  Fed. R. Civ. P. 34(b)(2)(A).  Federal Rule of Civil Procedure 41(b) states:

3

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Further, Fed. R. Civ. P. 37(b)(2)(A)(v) provides that where a party "fails to obey an order to provide or permit discovery," the court "may issue further just orders" including "dismissing the action or proceeding in whole or in part." And Fed. R. Civ. P. 37(d)(3) provides that sanctions, including dismissal of an action or proceeding, may be imposed where a party fails to answer interrogatories or respond to requests for inspection.

*Pro se* litigants are "not excused from complying with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). "A district court may sua sponte dismiss an action under Rule 41(b) [of the Federal Rules of Civil Procedure] for the plaintiff's deliberate failure to comply with a court order." *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). Here, Plaintiff has failed to respond to Defendant's discovery requests in accordance with the Rules and has failed to comply with the Court's August 14 and October 24, 2014 Orders. Both Orders apprised Plaintiff that failure to comply and/or respond may result in dismissal of her case. Based on Plaintiff's failure to comply with the Court's Orders and the Rules, this Court concludes that Plaintiff has abandoned her action, and recommends that this action be dismissed for failure to prosecute. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210–11 (8th Cir.

1973) (affirming dismissal of claims based on party's failure to fully obey the court's order to answer interrogatories).

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. Plaintiff's Complaint (Doc. No. 1), be **DISMISSED WITHOUT PREJUDICE**, and judgment be entered accordingly.

Date: November 18, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 2, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.